IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAVA INTERNATIONAL MARBLE & GRANITE, INC. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| FEDERAL EMERGENCY MANAGEMENT AGENCY (FEMA), et al. | : | NO. 11-4392 |

**MEMORANDUM AND ORDER GRANTING MOTION FOR
RECONSIDERATION OF JANUARY 13, 2012 ORDER STAYING ALL DISCOVERY**

On January 13, 2012, this Court entered an Order (ECF No. 24) denying Plaintiff's unspecified requests for discovery until the Court resolved the pending motions to dismiss (ECF Nos. 5 and 10). Plaintiff's Motion to Reconsider the Court's Order (ECF No. 25) now gives specific reasons and justifications, and asks the Court to allow Plaintiff to conduct a deposition of Phillip Dunn, which "would prove informative if not decisive as to FEMA's direct involvement in denying Plaintiff's claim." Motion for Reconsideration ¶ 8. Defendant Standard Fire filed an Opposition to the Motion for Reconsideration (ECF No. 26).

There are two dispositive motions pending in this case. The first is a motion by the Federal Emergency Management Agency ("FEMA") to dismiss, or, in the alternative, for summary judgment, for lack of subject matter jurisdiction (ECF No. 5). The second is a 12(b)(6) motion filed by Defendant Standard Fire (ECF No. 10), which is not relevant to this issue.

**I.    Statutory Background**

In 1968, Congress created the National Flood Insurance Program ("NFIP") through the National Flood Insurance Act, 42 U.S.C. §§ 4001, et seq. ("the Insurance Act"). Van Holt v.

1

Liberty Mutual Fire Ins. Co., 163 F.3d 161, 165 (3d Cir. 1998) (on rehearing). Congress created the program to make flood insurance available to the public at a reasonable price. C.E.R. 1998, Inc. v. The Aetna Casualty and Surety Company, 386 F.3d 263, 266 (3d Cir. 2004). FEMA has the authority to "prescribe regulations establishing the general method or methods by which proved and approved claims for losses may be adjusted and paid for any damage to or loss of property which is covered by flood insurance." Id. (citing 42 U.S.C. § 4019). FEMA is also authorized to use private insurance companies as "fiscal agents of the United States" to implement the NFIP. Id. (citing 42 U.S.C. § 4071(a)). Accordingly, FEMA created the "Write Your Own" ("WYO") program whereby private insurance companies are allowed to issue Standard Flood Insurance Policies ("SFIPs") under their own names, with claims and expenses paid by the federal government. Id. at 266-67; Sutor v. Federal Emergency Management, No. 06-1371, 2009 WL 2004375, *1-2, (E.D. Pa. July 9, 2009). Defendant Standard Fire Insurance Company ("Standard Fire") is a WYO company.[1] WYO companies "must strictly enforce the provisions set out by FEMA and may vary the terms of a Policy only with the express written consent of the Federal Insurance Administrator." C.E.R., 386 F.3d at 267 (citing 44 C.F.R. §§ 61.4(b), 61.3(d) & (e), 62.23(c) & (d)). Plaintiff purchased an SFIP from Standard Fire.[2]

## II. FEMA's Motion to Dismiss

FEMA has moved to dismiss for lack of subject matter jurisdiction based on sovereign

---

[1] Standard Fire is a member of the Travelers group of companies. Christian Dec., Def. Ex. A ¶ 3. Travelers is also a Defendant in this action but does not appear to have been served.

[2] Plaintiff's Complaint states that Plaintiff purchased the policy from Travelers (an affiliate of Standard Fire) and FEMA; however, documentation submitted in support of the two Motions to Dismiss indicates that the policy was issued by Standard Fire.

immunity. Congress authorized suits against the WYO fiscal agents, but it is well-settled that FEMA is immune from most suits under the Insurance Act. See, e.g. Hower v. Federal Emergency Management Agency, No. 04-2222, 2004 WL 2577503, *2 (E.D. Pa. Oct. 20, 2004). Relevant to this case, the Insurance Act does contain a limited waiver of sovereign immunity which allows the federal government to be sued directly where a claim was submitted to, evaluated, and denied by the Director of FEMA. Id.; 42 U.S.C. § 4072.[3]

Although the Court will not make any factual findings until discovery has taken place, as ordered below, the following facts can be gleaned from the Complaint, the documents Plaintiff has submitted in support of its Opposition to the Motion to Dismiss, and the documents FEMA has submitted in support of its Motion. Plaintiff is a corporation owned by Henry and Anna Mazzola. The Mazzolas also own property on Washington Street in Philadelphia. The Mazzolas leased 2001 Washington Street to CAVA for many years. Later CAVA moved across the street to 2000 Washington and, after four years, during which time 2001 Washington was empty, the Mazzolas eventually leased 2001 Washington to a separate corporation (which was at one time associated with CAVA through a family business but is now a separate entity). Although

---

[3]In pertinent part, 42 U.S.C. § 4072 provides:
> In the event the program is carried out as provided in section 4071 of this title, the Director [of FEMA] shall be authorized to adjust and make payment of any claims for proved and approved losses covered by flood insurance, and upon the disallowance by the Director of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance by the Director, may institute an action against the Director on such claim in the United States district court for the district in which the insured property of the major part thereof shall have been situated, and original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy.

42 U.S.C. § 4072.

Plaintiff intended to insure 2000 Washington Street, and instructed its long-time insurance agent to take out a policy for that address, Plaintiff alleges the insurance agent made a mistake (due to an auto-fill feature in his system) and the policy was mistakenly taken out for 2001 Washington Street. No one ever noticed that the policy had the wrong address on it, and Plaintiff paid the premium on the policy for four years. Plaintiff eventually experienced a flood loss at 2000 Washington and filed an insurance claim with Standard Fire.

There is a factual dispute about what happened next. There is evidence to suggest that Standard Fire formally denied Plaintiff's claim because there was no flood loss at the address on the policy. Cecil Dec. ¶ 23, Def. Ex. B. Plaintiff's argument for FEMA-involvement relies mainly on the events that followed that potential denial. In sum, Standard Fire requested FEMA's National Flood Insurance Program Underwriting Branch to review its request to reform the policy to the correct address. Standard Fire is permitted to change policy addresses based on typographical errors but not to effect a post-loss change of the insured property to a different location. De La Cruz Dec. ¶ 8, Def. Ex. A. It appears only FEMA can carry out the latter. Id. A FEMA underwriting employee who researched the case determined that CAVA was attempting to carry out a post-loss correction of the address, and therefore could not recommend to Standard Fire that it grant Plaintiff's request to reform the flood insurance policy. Cecil Dec. ¶ 23, Def. Ex. 2. Travelers employee Phillip Dunn, whose deposition Plaintiff now wants to take, corresponded with FEMA to try to obtain a different result for CAVA. See, e.g. Nov. 18, 2010 E-mail from Phillip Dunn to Sheila Venable (Pl. Ex. D to Aff. of Lee Anderson). Plaintiff and its agent also contacted FEMA directly. See, e.g. Dec. 7, 2010 Letter from Lee Anderson to Sheila Venable (Pl. Ex. C to Aff. of Lee Anderson). There appears to have been a good amount of back and forth

communication on this issue, but FEMA maintained its original position.

### III.  Subject Matter Jurisdiction - Legal Principles

A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction presents either a facial attack or a factual attack.  <u>CNA v. United States</u>, 535 F.3d 132, 139 (3d Cir. 2008); <u>see</u> Fed. R. Civ. P. 12(b)(1).  A facial attack "concerns an alleged pleading deficiency, whereas a factual attack concerns the actual failure of a plaintiff's claim to comport factually with the jurisdictional prerequisites."  <u>CNA</u>, 535 F.3d at 139 (internal quotation marks omitted). The Complaint does make allegations that FEMA had a role in supplying the policy and denying Plaintiff's claim in this case. <u>See, e.g.</u> Compl. ¶ 17 ("the flood insurance policy . . . was subsequently issued by FEMA and Travelers"); Compl. ¶ 55 ("FEMA had no grounds to deny Plaintiff's rights under the Flood Policy in light of its own procedures and the mandate that it act reasonable [sic]").  The Complaint therefore would likely survive a facial attack.

 In support of its Motion, however, FEMA has launched a factual attack on the court's subject matter jurisdiction.  <u>See</u> FEMA Br. at 3.  It has attached various exhibits to demonstrate that Standard Flood issued the policy – not FEMA – and that Standard Flood denied the claim before FEMA ever got involved.  In response, Plaintiff filed its own exhibits, including emails from FEMA employees discussing whether or not to "reform" the policy to reflect the correct address.  As discussed above, there is a factual issue of at what stage and to what extent FEMA was involved in denying Plaintiff's claim.

The Third Circuit has stated that when parties challenge subject matter jurisdiction through a factual attack, the court is permitted to review documents outside the pleadings.  <u>Gould Electronics Inc. v. U.S.</u>, 220 F.3d 169 (3d Cir. 2000). The Third Circuit explained in <u>Gould</u> that:

> In <u>International Ass'n of Machinists & Aerospace Workers v. Northwest Airlines, Inc.</u>, this Court outlined procedures for ensuring that a ruling on a Rule 12(b)(1) factual attack be based on an adequate factual record. <u>See</u> 673 F.2d 700, 711-12 (3d Cir. 1982). If the defendant raises no challenge to the facts alleged in the pleadings, the court may rule on the motion by accepting the allegations as true. <u>See id.</u> at 711. If the defendant contests any allegations in the pleadings, by presenting evidence, the court must permit the plaintiff to respond with evidence supporting jurisdiction. <u>See id.</u> at 711-12. The court may then determine jurisdiction by weighing the evidence presented by the parties. <u>See id.</u> However, if there is a dispute of a material fact, the court must conduct a plenary trial on the contested facts prior to making a jurisdictional determination. <u>See id.</u> at 712.

<u>Id.</u> at 177. <u>See also</u> <u>Silicon Economics, Inc. v. Financial Accounting Foundation</u>, No. 11-163, 2011 WL 3742182 (D. Del. Aug. 18, 2011) (Baylson, J.) ("there are three important consequences of a factual attack: (1) there is no presumption of truthfulness; (2) the plaintiff bears the burden of proving subject matter jurisdiction: and (3) the Court has authority to make factual findings on the issue, and can look beyond the pleadings to do so."). While courts typically consider challenges to subject matter jurisdiction based on Eleventh Amendment sovereign immunity to pose facial challenges, <u>see, e.g.</u> <u>Urella v. Pennsylvania State Troopers Ass'n</u>, 628 F. Supp. 2d 600, 604 (E.D. Pa. 2008) ("asserting Eleventh Amendment immunity as a defense is properly treated as a facial challenge"), the case at hand presents a unique Eleventh Amendment issue that requires a factual analysis of FEMA's direct involvement in issuing and deciding Plaintiff's claim.

IV.  **Expedited Discovery Will Be Granted**

The Court therefore determines that Plaintiff, which now bears the burden of establishing subject matter jurisdiction, must be given a chance to conduct a limited amount of discovery,

including a deposition of Mr. Dunn, before FEMA's Motion to Dismiss is decided.

Accordingly, the Court hereby ORDERS as follows:

1. Plaintiff's Motion for Reconsideration (ECF No. 25) is GRANTED.

2. The Court's Order of January 13, 2012 staying all discovery is vacated to the extent that Plaintiff is permitted to conduct the discovery described in this Order.

3. Plaintiff shall have fourteen (14) days from the date of this Order to serve written discovery on the sole issue of the Court's subject matter jurisdiction over FEMA. Defendant shall respond, including serving objections, if any, within fourteen (14) days, and Defendant shall produce relevant documents.

4. Plaintiff shall be permitted to conduct no more than two depositions.

5. The parties shall attempt to conclude discovery by February 29, 2012.

6. The Court will hold a pretrial conference with <u>all parties</u> on Monday, March 5, 2012 at 4:15 p.m. in Courtroom 3A (3rd Floor). Prior to the conference, the parties shall submit an agreed upon or separate proposals suggesting procedures with respect to the pending Motions to Dismiss. Plaintiff and Defendant FEMA may suggest filing separate statements of disputed and undisputed facts on the topic of the Court's subject matter jurisdiction over FEMA. At that time, the Court may also ask the parties to address any remaining questions the Court has with respect to the pending Motions to Dismiss.

BY THE COURT:

Date: 1/25/12

s/Michael M. Baylson

Michael M. Baylson, U.S.D.J.

O:\CIVIL 11-12\11-4392 Cava v FEMA\CAVA Order re Motion for Reconsideration of Order Staying Discov.wpd

7